UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTIN JENNINGS,

                Plaintiff,

vs.                                            Case No.  3:14-cv-250-J-34JRK

POWERMATIC,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 5, 2014, Defendant Walter Meier (Manufacturing) Inc.[1] filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida. See Notice at 1; Complaint (Doc. 2; Complaint). In the Notice, Defendant asserts that removal is proper because "this Action could have originally been brought in Federal District Court on the basis of diversity of citizenship among the parties." Notice at 2. However, despite this assertion, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Here, the Notice makes no allegations as to Plaintiff's citizenship. In the Notice, Defendant alleges only that "Plaintiff, Mark Jennings, was a resident of Lake City, Columbia County, Florida." See Notice at 2 (emphasis added). However, this allegation does not sufficiently establish Plaintiff's citizenship for purposes of diversity jurisdiction. Moreover, the underlying Complaint does not include any allegations as to Plaintiff's citizenship. See Complaint at 1. In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning

---

[1] According to Defendant, Plaintiff incorrectly identifies the company as "Powermatic" in the Complaint. Defendant maintains that the correct entity is Walter Meier (Manufacturing) Inc. See Notice at 1.

whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  Accordingly, the assertion in the Notice as to Plaintiff's residence is insufficient to establish his citizenship for diversity purposes.  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Defendant an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2]  Accordingly, it is

**ORDERED**:

Defendant shall have up to and including **March 20, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on March 7, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").