**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARTIN JENNINGS,

    Plaintiff,

v.                                                Case No:   3:14-cv-250-J-32JRK

POWERMATIC,

    Defendant.

_____

**O R D E R**

At issue in this case is whether Plaintiff's post-remand admissions constitute grounds different from the first removal, sufficient to justify a second removal. This case first came before the Court in 3:13-cv-921-J-32JBT. There, Powermatic [1] removed, arguing that this Court had diversity jurisdiction. (3:13-cv-921 Doc. 1). Jennings filed a motion to remand in which he asserted that the case did not meet the amount in controversy requirement for federal diversity jurisdiction. (3:13-cv-921 Doc. 4). Powermatic responded and asserted that the amount in controversy was established by the allegations in the complaint that Jennings' injuries were severe and permanently damaging, as demonstrated by the amputation of his right index finger. (3:13-cv-921 Doc. 9 at 5). This Court granted Jennings' motion and remanded the case to state court, finding that Powermatic had failed to establish that the amount in

---

[1] As this Court previously noted, the parties disagree about Defendant's name, with Defendant asserting that its proper name is Walter Meier (Manufacturing) Inc. (3:13-cv-921-J-32JBT Doc. 6 at 6 n. 5).

controversy exceeded $75,000. (3:13-cv-921 Doc. 16). This Court did, however, acknowledge that Jennings had alleged a serious injury. (3:13-cv-921 Doc. 16 at 5).

Powermatic then filed another notice of removal, again asserting diversity jurisdiction, albeit this time with admissions from Jennings that establish that the amount in controversy exceeds $75,000. (Doc. 1). Jennings filed another motion to remand. (Doc. 7). Jennings does not contest the fact that this case now meets the requirements for diversity jurisdiction. (See Doc. 7). Instead, he only argues that Powermatic is not permitted to file a successive removal on the same grounds. (Doc. 7 at 1). Powermatic asserts that its successive removal is permitted because this removal is based on a new and different factual basis. (Doc. 11 at 4).

A district court's order to remand cannot be reviewed or reconsidered. Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992); 28 U.S.C. § 1447(d). However, a defendant whose first attempt to remove fails can file a second removal on a new and different ground. Watson v. Carnival Corp., 436 F. App'x 954, 956 (11th Cir. 2011). The "different ground" does not refer to the type of federal jurisdiction, such as diversity jurisdiction, but to the pleading or event that made the case removable. Id. At the same time, the mere submission of additional evidence on the same ground offered in the initial removal is not sufficient to justify a second removal. See id. A second removal is therefore not appropriate where a defendant relies upon the same contract or pleading in both removal proceedings. See id. (finding no objectively reasonable basis for removal where the defendant relied upon the same provision in the same agreement in both proceedings, with the only difference between

2

the two proceedings being the submission of a certified English translation of the agreement in the second proceeding).

A second removal is permitted, however, where it is based upon the service of an amended pleading, motion, or other paper that first provides that the case is removable. Deutsche Bank Nat. Trust v. Jenkins, 08-22709-CIV-ZLOCH, 2008 WL 4926968, at *1 (S.D. Fla. Nov. 17, 2008). Thus, a subsequent disclosure by the plaintiff that the stakes in the case exceed the jurisdictional amount can provide a basis for removal. Benson v. SI Handling Sys., Inc., 188 F.3d 780, 783 (7th Cir. 1999). In Benson, the case was initially remanded because the papers at that point did not establish that the amount in controversy exceeded $75,000. Id. at 781. Plaintiffs later admitted in discovery that they sought more than $75,000 damages. Id. Defendants filed a second notice of removal. Id. The Seventh Circuit held that the defendants were able to remove a second time under these conditions, as to rule otherwise would encourage plaintiffs to be coy until the case was remanded once. Id. at 783.

In doing so, the court in Benson focused on the language of § 1446(b), which states that, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Id. at 782.[2] The court read this language to imply that an unsuccessful attempt to remove is not dispositive. Id.

---

[2] While this language remains in the statute, it is now located at § 1446(b)(3).

3

District courts in this circuit have similarly permitted a second removal where the plaintiff admitted after remand that the case involved more than $75,000. For example, in Sibilia v. Makita Corp., the plaintiff successfully moved to remand the case for failure to establish an amount in controversy exceeding $75,000. Sibilia v. Makita Corp., 782 F. Supp. 2d 1329, 1330 (M.D. Fla. 2010). Plaintiff later filed an amended response to the defendant's request for admissions, admitting that he was seeking damages in excess of $75,000. Id. On the second removal, the court held that this presented a different factual basis sufficient to justify a successive removal. Id. at 1331.

Similarly, in Dominguez v. Peek, the case was initially remanded for failure to meet the amount in controversy requirement where the initial removal was based on a general allegation of wanton and reckless conduct causing wrongful death. Dominguez v. Peek, CIV.A. 09-00842-KD-B, 2010 WL 1658550, at *1 (S.D. Ala. Apr. 16, 2010) report and recommendation adopted, CIV.A.09-00842-KD-B, 2010 WL 1851617 (S.D. Ala. May 5, 2010). After remand, the plaintiff sent a demand letter asking for $1.5 million to settle the case. Id. Finding that the demand letter demonstrated a change in circumstances, the court permitted a second removal. Id. at *5.

Finally, in Capers v. Ocwen Fed. Bank, FSB, the plaintiff stated initially that the amount in controversy was less than $75,000. Capers v. Ocwen Fed. Bank, FSB, CIV.A. 05-0233-BH-L, 2005 WL 1154322, at *1 (S.D. Ala. May 12, 2005). On remand, the plaintiff declared that he would not limit his damages to $75,000. Id. After

defendant removed the case again, the court took plaintiff's statement as an admission that the amount in controversy exceeded $75,000 and denied plaintiff's motion to remand. Id.

These cases are arguably contrary to Nicholson v. Nat'l Accounts, Inc., 106 F. Supp. 2d 1269 (S.D. Ala. 2000). In Nicholson, the defendant attempted a second removal after receipt of post-remand deposition testimony that presented new evidence that state law claims were completely preempted and the suit belonged in federal court. Id. at 1271. The court interpreted the second removal as an attempt to make the court reconsider its prior remand order, even though the second removal was based on the new deposition testimony. Id. at 1272. As such, the court remanded the case. Id.

Subsequently to all of these cases, § 1446 has been amended to state that, "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." § 1446(c)(3)(A). § 1446(b)(3) enables removal within thirty days of receipt of a copy of an amended pleading, motion, order or other paper which first makes the case removable. Even if it were not clear at the time that Benson, Sibilia, Dominguez, and Capers were decided that a defendant can re-remove upon a plaintiff's later admission relating to the amount in controversy, the amendment to § 1446 appears to condone such re-removal.

5

Here, Jennings' case was initially remanded for failure to meet the amount in controversy requirements. (3:13-cv-921, Doc. 16). Subsequently, Powermatic received Jennings' response to a request for admissions, which by definition was "other paper". § 1446(c)(3)(A). This other paper established that the case was removable under § 1446(b)(3). Specifically, Jennings' response to request for admissions admitted that his non-economic damages exceed $36,306.05. (Doc. 1 at 6). As Jennings had earlier responded to interrogatories by stating that he had $38,693.95 of economic damages (Doc. 1 at 3), this admission established that the amount in controversy exceeds $75,000. The admissions provided a "different ground" for removal from the initial removal, which relied on the complaint. See Watson, 436 F. App'x at 956. Powermatic has thus provided a different ground sufficient to justify a second removal, and the amount in controversy exceeds $75,000.

Jennings argues that the second removal "comes at significant cost" to him. (Doc. 7 at 1). Insofar as he has been prejudiced by the delay caused by an initial removal, a remand, and then a second removal, this prejudice was partially self-inflicted by his failure to initially concede that the amount in controversy exceeded $75,000. Powermatic bears some responsibility as well for not propounding requests for admissions early and receiving Jennings' responses before removing this case the first time. As this Court has previously discussed, the rules of removal are designed to encourage defendants to use early discovery to flesh out the amount in controversy, rather than remove cases prematurely on an equivocal record. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla.

6

Nov. 5, 2010) (noting that the thirty-day clock for removal is only triggered by documents that clearly establish federal jurisdiction, thus obviating the need for premature removals).

This "prejudice" is also remediable. All of the discovery taken while the case was pending in state court can be used in this federal case. Moreover, upon receipt of the parties' soon-due Case Management Report, this Court is prepared to provide the same spring 2015 trial setting that the parties had in state court.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of May, 2014.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record